UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

IN THE MATTER OF THE COMPLAINT

of

TAPPAN ZEE CONSTRUCTORS, LLC,
as owner of 2007 Lobell Boat, Serial Number
L0A11504J607, FOR EXONERATION FROM
OR LIMITATION OF LIABILITY,

     Petitioner.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Case No.  1:17-cv-168 (MAD/CFH)

**COMPLAINT FOR
EXONERATION FROM OR
LIMITATION OF LIABILITY**

  **PETITIONER TAPPAN ZEE CONSTRUCTORS, LLC**  (hereinafter referred to as "Petitioner"), by its undersigned counsel, FLICKER, GARELICK & ASSOCIATES, LLP, as and for its Complaint for Exoneration from or Limitation of Liability, states upon information and belief as follows:

  1. This is a proceeding for Exoneration from or Limitation of Liability pursuant to 46 U.S.C. §§ 30501, *et seq.*, involving admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules").

  2. Petitioner is a foreign limited liability company with a principal place of business at 555 White Plains Road, Suite 400, Tarrytown, New York 10591. At all relevant times, Petitioner was the registered owner of the vessel 2007 Lobell Boat, Serial Number L0A11504J607 (hereinafter the "Vessel"), which vessel is also alternatively referenced in other

documents and filings as "Work Boat 01" or "WB 01." A copy of the New York State Certificate of Title for the Vessel is annexed hereto as Exhibit A.

3. On or about August 15, 2016, Petitioner was named in a personal injury lawsuit filed by Timothy Marion ("Marion") in the Supreme Court of the State of New York, Ulster County, bearing Index Number 16-2180. A copy of the Verified Complaint in that action is annexed hereto as Exhibit B. Marion served his Verified Complaint on the New York Secretary of State on or about August 17, 2016, and Petitioner was thereafter served with the Verified Complaint by Corporation Service Company on or about August 24, 2016.

4. Marion alleges that on or about September 17, 2013, while aboard the Vessel, he was injured.

5. Marion claims that Petitioner is liable for the injuries that he suffered on or about September 17, 2013.

6. Petitioner answered the Verified Complaint on September 23, 2016 and denied any liability for the injuries allegedly suffered by Marion.

7. The incident which allegedly resulted in the injuries claimed by Marion was not due to any fault, neglect or want of care on the part of Petitioner.

8. The incident which allegedly resulted in the injuries claimed by Marion was not due to any unseaworthy condition of the Vessel.

9. The incident which allegedly resulted in the injuries claimed by Marion occurred without Petitioner's privity or knowledge.

10. Upon information and belief, the damages alleged by Marion exceed Petitioner's interest in the Vessel.

11. On the date of the claimed incident, the value of the Vessel was $62,000.00. Attached hereto as Exhibit C is a Declaration of Value of Vessel setting forth the Vessel's value.

12. In accord with Supplemental Rule F, Petitioner offers an *Ad Interim* Security Bond in the amount of $62,000.00, as security, which amount is not less than the value of Petitioner's interest in the Vessel at the time of the alleged incident since the Vessel was carrying no freight. The *Ad Interim* Security Bond is attached hereto as Exhibit D.

13. Venue in this Court is proper pursuant to Supplemental Rule F(9) because Marion has commenced his lawsuit in the Supreme Court of the State of New York, Ulster County, which court is located in this District.

14. Petitioner is entitled to exoneration from liability for any damages claimed by Marion arising out of the aforementioned incident, and from any and all claims for damages that have been or may hereafter be made.

15. Petitioner further asserts that it has valid defenses on the facts and law.

16. Petitioner alternatively claims the limitation of liability provided by 46 U.S.C. §§ 30501, *et seq.*, and the statutes supplementary thereto. Petitioner has provided security in the form of an *Ad Interim* Security Bond of its interest in the Vessel with sufficient surety for the payment into Court, as provided for by 46 U.S.C. §§ 30501, *et seq.*, Supplemental Rule F and the rules of this Court.

**WHEREFORE,** Petitioner prays:

1) That this Court adjudge that Petitioner is not liable for and is exonerated from any loss or damage arising out of the incident which allegedly resulted in the injuries claimed by Marion;

2) If Petitioner is judged liable for the injuries alleged by Marion, that such liability be limited to the value of its interest in the Vessel in the maximum amount of $62,000.00, and that Petitioner by discharged therefrom upon the surrender of such interest, and that the money surrendered, paid or secured as aforesaid, to be divided pro-rata according to the above-mentioned statutes among any such claimants as may duly prove their claim, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered discharging Petitioner from all further liability;

3) That this Court issue an Order:

    a. Directing the issuance of Notice to all persons asserting claims with respect to the incident that this Complaint seeks exoneration from or limitation of liability admonishing such persons to file their respective claims with the Clerk of this Court and to serve on Petitioner's counsel a copy thereof on or before a date to be determined in such Notice;

    b. Directing Petitioners to file as security an *Ad Interim* Security Bond, for the payment into Court for the benefit of claimants, the value of Petitioner's interest in the Vessel as of the date of the claimed incident,

plus costs and interest at the rate of 6% per annum from the date of said security or whenever the Court shall so order; and

c. Directing that upon Petitioner's filing of an *Ad Interim* Security Bond, an injunction shall issue enjoining the prosecution against Petitioner, its representatives, insurers, and the Vessel, of any and all claims suits, actions or proceedings, whether or not already begun, with respect to the claimed incident, except in this proceeding.

4) That Petitioner may have such other and further relief as is required.

Dated: February 14, 2017

          FLICKER, GARELICK & ASSOCIATES, LLP
          Attorneys for Petitioner Tappan Zee Constructors, LLC

By: _____
      Brendan E. McKeon (Bar Roll No. 520290)
      45 Broadway
      New York, New York 10006
      (212) 319-5240