# EXHIBIT B

RECEIVED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MAR – 3 2017

BY:_____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                                :

IN THE MATTER OF THE COMPLAINT    :

           of                    :

                                :

TAPPAN ZEE CONSTRUCTORS, LLC,    :
as owner of 2007 Lobell Boat, Serial Number  :
L0A11504J607, FOR EXONERATION FROM  :
OR LIMITATION OF LIABILITY,       :

                Petitioner.    :

                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Case No.  1:17-cv-168 (MAD/CFH)

**COMPLAINT FOR**
**EXONERATION FROM OR**
**LIMITATION OF LIABILITY**

     **PETITIONER TAPPAN ZEE CONSTRUCTORS, LLC** (hereinafter referred to as "Petitioner"), by its undersigned counsel, FLICKER, GARELICK & ASSOCIATES, LLP, as and for its Complaint for Exoneration from or Limitation of Liability, states upon information and belief as follows:

     1.     This is a proceeding for Exoneration from or Limitation of Liability pursuant to 46 U.S.C. §§ 30501, *et seq.*, involving admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules").

     2.     Petitioner is a foreign limited liability company with a principal place of business at 555 White Plains Road, Suite 400, Tarrytown, New York 10591. At all relevant times, Petitioner was the registered owner of the vessel 2007 Lobell Boat, Serial Number L0A11504J607 (hereinafter the "Vessel"), which vessel is also alternatively referenced in other

~~documents and filings as "Work Boat 01" or "WB 01." A copy of the New York State~~ Certificate of Title for the Vessel is annexed hereto as Exhibit A.

3.     On or about August 15, 2016, Petitioner was named in a personal injury lawsuit filed by Timothy Marion ("Marion") in the Supreme Court of the State of New York, Ulster County, bearing Index Number 16-2180. A copy of the Verified Complaint in that action is annexed hereto as Exhibit B. Marion served his Verified Complaint on the New York Secretary of State on or about August 17, 2016, and Petitioner was thereafter served with the Verified Complaint by Corporation Service Company on or about August 24, 2016.

4.     Marion alleges that on or about September 17, 2013, while aboard the Vessel, he was injured.

5.     Marion claims that Petitioner is liable for the injuries that he suffered on or about September 17, 2013.

6.     Petitioner answered the Verified Complaint on September 23, 2016 and denied any liability for the injuries allegedly suffered by Marion.

7.     The incident which allegedly resulted in the injuries claimed by Marion was not due to any fault, neglect or want of care on the part of Petitioner.

8.     The incident which allegedly resulted in the injuries claimed by Marion was not due to any unseaworthy condition of the Vessel.

9.     The incident which allegedly resulted in the injuries claimed by Marion occurred without Petitioner's privity or knowledge.

2

~~10.     Upon information and belief, the damages alleged by Marion exceed Petitioner's~~ interest in the Vessel.

11.     On the date of the claimed incident, the value of the Vessel was $62,000.00. Attached hereto as Exhibit C is a Declaration of Value of Vessel setting forth the Vessel's value.

12.     In accord with Supplemental Rule F, Petitioner offers an *Ad Interim* Security Bond in the amount of $62,000.00, as security, which amount is not less than the value of Petitioner's interest in the Vessel at the time of the alleged incident since the Vessel was carrying no freight. The *Ad Interim* Security Bond is attached hereto as Exhibit D.

13.     Venue in this Court is proper pursuant to Supplemental Rule F(9) because Marion has commenced his lawsuit in the Supreme Court of the State of New York, Ulster County, which court is located in this District.

14.     Petitioner is entitled to exoneration from liability for any damages claimed by Marion arising out of the aforementioned incident, and from any and all claims for damages that have been or may hereafter be made.

15.     Petitioner further asserts that it has valid defenses on the facts and law.

16.     Petitioner alternatively claims the limitation of liability provided by 46 U.S.C. §§ 30501, *et seq.*, and the statutes supplementary thereto. Petitioner has provided security in the form of an *Ad Interim* Security Bond of its interest in the Vessel with sufficient surety for the payment into Court, as provided for by 46 U.S.C. §§ 30501, *et seq.*, Supplemental Rule F and the rules of this Court.

WHEREFORE, Petitioner prays:

1) That this Court adjudge that Petitioner is not liable for and is exonerated from any loss or damage arising out of the incident which allegedly resulted in the injuries claimed by Marion;

2) If Petitioner is judged liable for the injuries alleged by Marion, that such liability be limited to the value of its interest in the Vessel in the maximum amount of $62,000.00, and that Petitioner by discharged therefrom upon the surrender of such interest, and that the money surrendered, paid or secured as aforesaid, to be divided pro-rata according to the above-mentioned statutes among any such claimants as may duly prove their claim, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered discharging Petitioner from all further liability;

3) That this Court issue an Order:

   a. Directing the issuance of Notice to all persons asserting claims with respect to the incident that this Complaint seeks exoneration from or limitation of liability admonishing such persons to file their respective claims with the Clerk of this Court and to serve on Petitioner's counsel a copy thereof on or before a date to be determined in such Notice;

   b. Directing Petitioners to file as security an *Ad Interim* Security Bond, for the payment into Court for the benefit of claimants, the value of Petitioner's interest in the Vessel as of the date of the claimed incident,

4

~~plus costs and interest at the rate of 6% per annum from the date of~~ said security or whenever the Court shall so order; and

c.  Directing that upon Petitioner's filing of an *Ad Interim* Security Bond, an injunction shall issue enjoining the prosecution against Petitioner, its representatives, insurers, and the Vessel, of any and all claims suits, actions or proceedings, whether or not already begun, with respect to the claimed incident, except in this proceeding.

4)  That Petitioner may have such other and further relief as is required.

Dated:  February 14, 2017

FLICKER, GARELICK & ASSOCIATES, LLP
Attorneys for Petitioner Tappan Zee Constructors, LLC

By: _____
Brendan E. McKeon (Bar Roll No. 520290)
45 Broadway
New York, New York 10006
(212) 319-5240

1:17-cv-168 (MAD/CFH)

# EXHIBIT A

WB-01

TAPPAN ZEE
CONSTRUCTORS LLC
555 WHITE PL RD 400
TARRYTOWN          NY 10591

000180



CERTIFICATE OF TITLE

NEW YORK STATE                                        www.dmv.ny.gov

| Title and Identification No. | Year | Make | Model Code | Body/Hull | Document No. |
| L0A11504J607 | 2007 | LOBEL | N/A | ALUM | 934563I |
| Color | Wt/Sts/Lgth | Fuel | Cyl /Prop | New or Used | Type of Title | | Date Issued |
| | 24 | GAS | OUT | USED | BOAT 8860GK | | 5/20/13 |

Name and Address of Owner(s)
TAPPAN ZEE
CONSTRUCTORS LLC
555 WHITE PL RD 400
TARRYTOWN NY        10591

This document is your proof of ownership for this vehicle, boat or manufactured home. Keep
it in a safe place, not with your license or registration or in your vehicle or boat. To dispose
of your vehicle, boat or manufactured home, complete the transfer section on the back and
give this title to the new owner.

Lienholder                              Lienholder

* NO LIENS RECORDED *          * NO LIENS RECORDED *

Lienholder                              Lienholder

* NO LIENS RECORDED *          * NO LIENS RECORDED *

MV-999 (1/11)

VOID IF ALTERED

DEPARTMENT OF MOTOR VEHICLES

1:17-cv-168 (MAD/CFH)

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ULSTER

TIMOTHY MARION,

|  |  |  |
|---|---|---|
| | Plaintiff, | **VERIFIED COMPLAINT** |
| -against- | | |
| TAPPAN ZEE CONSTRUCTORS, LLC, FLUOR ENTERPRISES, INC., AMERICAN BRIDGE COMPANY, TRAYLOR BROS., INC. AND GRANITE CONSTRUCTION NORTHEAST, INC., | | Index No. _16 - 2180_ |
| | Defendants. | |

The plaintiff, TIMOTHY MARION, by his attorneys, STEVEN M. MELLEY, PLLC, as and for his Verified Complaint, alleges as follows:

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST TAPPAN ZEE CONSTRUCTORS, LLC. - "JONES ACT" 46 U.S. 30104

1. At all times hereinafter mentioned, the plaintiff, TIMOTHY MARION was and is resident of the Town of Lloyd in the County of Ulster, State of New York.

2. At all times hereinafter alleged, upon information and belief, defendant, TAPPAN ZEE CONSTRUCTORS, LLC, (hereinafter "TZC"), was and is a domestic or foreign limited liability company or corporation or partnership or other entity, duly formed and/or incorporated, organized and existing under and by virtue of the laws of the State of New York or another state of the United States of America, and said defendant at all times was and is doing and transacting business within the State of New York and derives substantial revenues from business activities within the State of New York, and having a

FILED
COPY
AUG 15 2016
NINA POSTUPACK
ULSTER COUNTY CLERK

4

principal place of business at 120 White Plains Road, Suite 310, Tarrytown, New York 10591.

3. At all times hereinafter alleged, upon information and belief, defendant, FLUOR ENTERPRISES, INC., (hereinafter "FLUOR"), was and is a domestic or a foreign corporation duly incorporated, organized and existing under and by virtue of the laws of the State of New York or of another state of the United States of America, and said defendant was and is doing and transacting business within the State of New York and derives substantial revenues from business within the State of New York.

4. At all times herein alleged, upon information and belief, AMERICAN BRIDGE COMPANY (hereinafter "ABC") was and is a domestic or foreign corporation duly incorporated and existing under and by virtue of the laws of the State of New York or of another state of the United States of America, and said defendant was and is doing and transacting business within the State of New York and derives substantial revenues from business within the State of New York.

5. At all times hereinafter mentioned, upon information and belief, defendant, TRAYLOR BROS., INC, (hereinafter "TRAYLOR") was and is a domestic or foreign corporation duly incorporated, organized and existing under and by virtue of the laws of the State of New York or of another state of the United States of America, was and is doing and transacting business within the State of New York and derives substantial revenues from business within the State of New York.

6. At all times hereinafter mentioned, defendant, GRANITE CONSTRUCTION NORTHEAST INCORPORATED, (hereinafter "GRANITE"), was and is a domestic or a

5

foreign corporation, duly incorporated, organized and existing under and by virtue of the laws of the State of New York or of another state of the United States of America, and such corporation was and is transacting business within the State of New York, and derives substantial revenues from business within the State of New York.

7. At all times herein alleged the plaintiff, TIMOTHY MARION was employed by defendant, TZC. and was at all times acting and working within the course and scope of his said employment for said defendant.

8. At all times herein alleged the plaintiff, TIMOTHY MARION was employed by defendant, FLUOR, and was at all times acting and working within the course and scope of his said employment for said defendant.

9. At all times herein alleged the plaintiff, TIMOTHY MARION was employed by defendant, ABC. and was at all times acting and working within the course and scope of his said employment for said defendant.

10. At all times herein alleged the plaintiff, TIMOTHY MARION was employed by defendant, TRAYLOR. and was at all times acting and working within the course and scope of his said employment for said defendant.

11. At all times herein alleged the plaintiff, TIMOTHY MARION was employed by defendant, GRANITE, and was at all times acting and working within the course and scope of his said employment for said defendant.

12. At all times herein alleged and relevant, plaintiff, TIMOTHY MARION, on and prior to the 17th day of September 2013, was assigned to and did operate a certain vessel which was then owned by defendant, TCZ.

13. At all times herein alleged and relevant, plaintiff, TIMOTHY MARION, on and prior to the 17th day of September 2013 was assigned to and did operate a certain vessel which was then owned by defendant, FLOUR

14. At all times herein alleged and relevant, plaintiff, TIMOTHY MARION, on and prior to the 17th day of September 2013 was assigned to and did operate a certain vessel which was then owned by defendant, ABC.

15. At all times herein alleged and relevant, plaintiff, TIMOTHY MARION, on and prior to the 17th day of September 2013 was assigned to and did operate a certain vessel which was then owned by defendant, TRAYLOR.

16. At all times herein alleged and relevant, plaintiff, TIMOTHY MARION, on and prior to the 17th day of September 2013 was assigned to and did operate a certain vessel which was then owned by defendant, GRANITE.

17. At all times herein alleged, the plaintiff, TIMOTHY MARION did operate the aforesaid vessel in, on and over the navigable waters of the Hudson River within the State of New York.

18. At all times herein alleged, the plaintiff, TIMOTHY MARION, was a master and/or member of the crew of such vessel.

19. At all times herein alleged, the said vessel was commonly known as "WB1", aka "crew boat 1."

20. Upon information and belief, the aforesaid vessel was registered with the State of New York on and prior to September 17, 2013 and was assigned registration no. NY 8860 GK by the State of New York.

21. At all times herein alleged and relevant, upon information and belief, the said vessel, the "WB1" was a crew boat and/or work boat, approximately twenty six (26) feet long, from bow to stern.

22. Upon information and belief, the aforesaid vessel, "WB1" on or prior to the 17th day of September, 2013, was not inspected by the United States Coast Guard.

23. Upon information and belief, the aforesaid vessel, "WB1" was not inspected on or prior to the 17th day of September 2013 by any department, agency or subdivision of the United States or the State of New York.

24. Upon information and belief, the said vessel, "WB1" was a 2007 "Lobell Legend" manufactured by Lobell's Custom Boats.

25. Upon information and belief, the said vessel's hull no. was: LOA11504J607.

26. Upon information and belief, on the 17th day of September 2013, the aforesaid vessel, was owned by defendant, TZC.

27. Upon information and belief, on the 17th day of September 2013, the aforesaid vessel, was chartered by defendant, TZC.

28. Upon information and belief, prior to the 17th day of September 2013, the aforesaid vessel was owned by defendant, TZC.

29. Upon information and belief, prior to the 17th day of September 2013, the aforesaid vessel was chartered by defendant, TZC.

30. Upon information and belief, that prior to 2013, TRAYLOR was the owner or charter of the vessel whose hull number was LOA11504J607.

31. Upon information and belief, TRAYLOR was the previous owner or charter of the vessel whose hull number was LOA11504J607 and transferred, assigned, sold and/or chartered said vessel to TZC before 2013.

32. Upon information and belief, plaintiff was hired by defendant TZC on or about the 20th day of March 2013, and he continued in the employ of TZC, continuously, up to and including the 17th day of September 2013.

33. At all times relevant herein, plaintiff was in the employ of defendant TZC continuously to perform work on the "Tappan Zee Hudson River Crossing Project", a construction project on the Hudson River in the State of New York, at and/or near the existing Tappan Zee Bridge on the Hudson River between Rockland County and Westchester County in the State of New York.

34. Upon information and belief, at all times herein relevant, defendants, FLUOR and/or AB CORP. and/or, TRAYLOR and/or GRANITE and/or TZC, or some combination or consortium thereof, did, prior to the 17th day of September 2013, form a partnership and/or joint venture arrangement in connection with their participation in the design and construction of the "Tappan Zee Hudson River Crossing Project" "new" spanning the Hudson River in the State of New York.

35. Upon information and belief, at all times herein relevant, and prior to the date of plaintiff's work incident herein alleged, TZC contracted with the New York State Thruway Authority to design and build the "Tappan Zee Hudson River Crossing Project" which was, to design and construct a new TAPPAN ZEE BRIDGE to span the Hudson River from Westchester County, New York to Rockland County, New York in close

9

proximity to the then existing Tappan Zee Bridge which spans the navigable waters of the lower Hudson River from shoreline to shoreline in the State of New York.

36. At all times herein alleged and relevant, the plaintiff, TIMOTHY MARION, did perform his job duties for defendant, TZC, which required that he perform work upon the aforesaid vessel as a master and/or member of the crew, of said vessel at all times operating said vessel in the navigable waters of the Hudson River.

37. Upon information and belief, at all times relevant herein on and prior to the 17th day of September 2013, the aforesaid vessel which plaintiff, Timothy Marion operated throughout the period of his employment on and in the navigable waters of the lower Hudson River, was not suitable for such navigation and was neither designed nor manufactured for safe operation and/or safe navigation upon the Hudson River in proximity to the existing Tappan Zee Bridge;  nor was the aforesaid vessel seaworthy, safe or suitable for safe operation or safe navigation by plaintiff or by anyone, on the Hudson River in proximity to the existing Tappan Zee Bridge,  as said vessel was a flat bottomed hull (modified "V") and manufactured for "smooth water" not the rough and variable waters of the lower Hudson River at and near the Tappan Zee Bridge on and prior to the 17th day of September 2013.

38. At all times on and prior to the 17th day of September 2013, the aforesaid vessel, its captain's seat and stanchion for said seat had no adjustment for height of its occupant and was/were too rigid/stiff and had no springs, no "air ride," no hydraulic cylinder suspension and no suspension members to provide a safe and smooth ride and to prevent

bodily injuries, and the vessel was otherwise not suited to navigation on the navigable waters of the Hudson River.

39. During the year 2013 and prior to the 17th day of September, 2013, defendant, TZC, its agents, servants, employees and/or contractors under its control, did modify, alter, and/or replaced all or a part of the captain's chair/seat, but not the stanchion for the seat (nor remedy its lack of suspension) in the said vessel in an unsuccessful effort to cushion "the ride", to smooth the ride, to reduce and/or eliminate the excessive vibration of, physical forces of and impact of the said chair/seat/stanchion and its effects upon the person and upon the body of the plaintiff, TIMOTHY MARION who had been subjected to such vibrations, forces, impact while in, on and/or operating said vessel in the the rough, constant forces of waves, wakes, waters, winds, currents and tides of the Hudson River at the said location up to and including the 17th day of September, 2013.

40. During the year 2013 and prior to the 17th day of September, 2013, defendant, FLUOR, its agents, servants, employees and/or contractors under its control, did modify, alter, and/or replaced all or a part of the captain's chair/seat, but not the stanchion for the seat (nor remedy its lack of suspension) in the said vessel in an unsuccessful effort to cushion "the ride", to smooth the ride, to reduce and/or eliminate the excessive vibration of, physical forces of and impact of the said chair/seat/stanchion and its effects upon the person and upon the body of the plaintiff, TIMOTHY MARION who had been subjected to such vibrations, forces, impact while in, on and/or operating said vessel in the the rough, constant forces of waves, wakes, waters, winds, currents and tides of the Hudson River at the said location up to and including the 17th day of September, 2013.

11

41. During the year 2013 and prior to the 17th day of September, 2013, defendant, ABC, its agents, servants, employees and/or contractors under its control, did modify, alter, and/or replaced all or a part of the captain's chair/seat, but not the stanchion for the seat (nor remedy its lack of suspension) in the said vessel in an unsuccessful effort to cushion "the ride", to smooth the ride, to reduce and/or eliminate the excessive vibration of, physical forces of and impact of the said chair/seat/stanchion and its effects upon the person and upon the body of the plaintiff, TIMOTHY MARION who had been subjected to such vibrations, forces, impact while in, on and/or operating said vessel in the the rough, constant forces of waves, wakes, waters, winds, currents and tides of the Hudson River at the said location up to and including the 17th day of September, 2013.

42. During the year 2013 and prior to the 17th day of September, 2013, defendant, TRAYLOR, its agents, servants, employees and/or contractors under its control, did modify, alter, and/or replaced all or a part of the captain's chair/seat, but not the stanchion for the seat (nor remedy its lack of suspension) in the said vessel in an unsuccessful effort to cushion "the ride", to smooth the ride, to reduce and/or eliminate the excessive vibration of, physical forces of and impact of the said chair/seat/stanchion and its effects upon the person and upon the body of the plaintiff, TIMOTHY MARION who had been subjected to such vibrations, forces, impact while in, on and/or operating said vessel in the the rough, constant forces of waves, wakes, waters, winds, currents and tides of the Hudson River at the said location up to and including the 17th day of September, 2013.

43. During the year 2013 and prior to the 17th day of September, 2013, defendant, GRANITE, its agents, servants, employees and/or contractors under its control, did

12

modify, alter, and/or replaced all or a part of the captain's chair/seat, but not the stanchion

for the seat (nor remedy its lack of suspension) in the said vessel in an unsuccessful effort

to cushion "the ride", to smooth the ride, to reduce and/or eliminate the excessive

vibration of, physical forces of and impact of the said chair/seat/stanchion and its effects

upon the person and upon the body of the plaintiff, TIMOTHY MARION who had been

subjected to such vibrations, forces, impact while in, on and/or operating said vessel in

the the rough, constant forces of waves, wakes, waters, winds, currents and tides of the

Hudson River at the said location up to and including the 17th day of September, 2013.

44. At all times herein alleged, plaintiff, TIMOTHY MARION, was a "seaman" within the

meaning of 46 U.S.C. § 688, et seq. recodified as 46 U.S.C 30104 et seq., commonly

known as the "Jones Act." as master and/or member of the crew of the aforesaid vessel

and/or as a worker whose connection to such vessel, the "WC1", was substantial by its

nature and duration, whose duties were at all times performed in aid of navigation and the

function of said vessel which was at all times relevant, operating in the navigable waters

of the Hudson River at the aforesaid locations.

45. At all times herein alleged and relevant, that on the 17th day of September, 2013, while in

the course and scope of his employment, plaintiff, TIMOTHY MARION, while operating

the aforementioned vessel on the navigable waters of the Hudson River, did sustain

traumatic injuries to his entire body and in particular to his head, neck, back, body,

shoulders, limbs, and in particular, to his head, brain, cervical spine, neck, thoracic and

lumbar spines, middle and low back, extending to his extremities, and his extremities,

and more particularly, without limitation, he sustained multiple traumatic cervical disk

13

herniations at C 5-6 and C6-7, additional cervical damage and other traumatic injuries to his head, neck, upper back and low back and cervical, thoracic spine and lumbar spines(s), including bulging and/or herniations of lumbar discs with radiculopathy radiating into his legs for which injuries and their sequelae, plaintiff did undergo a C5-6, C6-7 anterior cervical discectomy and fusion with cortical cancellous allograft pre-machined cages and placement of anterior cervical titanium plate and screws, (Amendia), at MALO Center for Ambulatory Surgery on July 1, 2015 and surgical removal of hardware and plate at C5-C7 with partial corpectomy at C6 on February 3, 2016 and anterior cervical fusion at C5-7 with neuromonitoring and allograft and surgery on February 4, 2016, foraminotomy C5-7 with lateral mass screws, C5-7, posterolateral arthrodesis with allograft and neuromonitoring at St. Peter's Hospital on February 3 and 4, 2016; he sustained concussion, post concussion syndrome and traumatic brain injury and their sequelae including memory loss, cognitive dysfunction, headaches, nausea, vomiting, sleep deprivation, central apnea, breathing dysfunction, anxiety, all causing him severe and excruciating pain, suffering, mental anguish, physical limitation and disability all of which are believed to be permanent, and further he has been deprived of the many of the pleasures of life; and he did also require medical and surgical care upon information and belief, will in the future and for the rest of his life, require additional medical care, orthopedic care, neurological and/or neurosurgical care, medical procedures including additional surgeries, physical therapy, physical rehabilitation, pain medications, pain management and as yet unforeseen medical care and procedures; All of the foregoing with consequential effects upon the psyche, emotional health of the plaintiff,

14

with permanent effects upon  neck, back, spine, bones, joints, muscles, tissues, blood

vessels, ligaments and nerves directly or indirectly affected by the injuries sustained in

the accident and the natural sequelae thereof; all of the foregoing requiring medication

and rest; all of the foregoing resulting in disfigurement, scarring, scar tissue, continued

surgical and/or overgrowth in those areas that were injured or affected by the accident

complained of herein; all of the foregoing with pain, sensitivity and trauma to the affected

areas; all of the foregoing with severe emotional reaction thereto; shock to the nervous

system and depression.

46. The foregoing trauma and bodily injuries sustained by the plaintiff on the 17th day of

September, 2013, and the injuries, sequelae, symptomatology, treatment and disability,

were proximately caused by the negligence, carelessness and recklessness of the

defendants herein, their officers, agents, servants, employees and/or contractors under

their control, in negligently, carelessly and recklessly:

 a. acquired and utilized the said vessel to which plaintiff was assigned and required

  to operate as herein alleged, when defendants and each of them knew that said

  vessel, the "WB1" hull number: LOA11504J607, was not suitable, or suited for,

  was not seaworthy, was not  fit to  safely navigate on the waters of the Hudson

  River and was unreasonably unsafe as utilized by defendants herein;

 b. failed to furnish plaintiff with a safe and seaworthy vessel;

 c. violated applicable federal, state and local laws, statutes, rules, and regulations,

  including  OSHA,  regulations,  New  York  State  Industrial  Code  Rule  23

regulations, codes, including the New York Property Maintenance Code, ordinances;

d. failed to employ good and accepted safe practice, good and accepted maintenance procedures with regard to the said vessel;

e. failed to equip, modify and/or retrofit the said vessel with a seat and seat base which was reasonably safe and suitable for its intended use on the Hudson River;

f. failed and neglected to perform any adequate vessel inspections of the said vessel and to take action to safeguard the health and safety of the plaintiff herein;

g. failed and neglected to  test or otherwise determine the efficacy, the safety of the said vessel on the waters of the Hudson River under varying weather, wind, tide and wave conditions before and while the plaintiff was assigned to crew and/or pilot the said vessel;

h. failed to equip or provide plaintiff with any equipment or safety equipment to reduce or minimize or eliminate the vibration and repetitive impact/trauma to plaintiff's body each and every time he boarded and/or piloted the aforesaid vessel;

i. failed to consult the manufacturer of the said vessel to inquire whether its use on the Hudson River was reasonably, safe and/or appropriate for plaintiff and others to operate thereon;

j. failed to maintain, repair, retrofit or otherwise to replace the said vessel prior to plaintiff's said injuries;

16

k.  undertook to perform and negligently and carelessly did perform its contractual duties, assumed duties and its duties imposed by law;

l.  failed to reduce the time plaintiff was required to be aboard and/or to operate said vessel;

m.  failed to re-assign the plaintiff to a safe and suitable vessel to perform his job duties;

n.  created the unsafe and dangerous conditions on the aforesaid vessel;

o.  failed to suspend work operations and/or to suspend the plaintiff's use of the said vessel under conditions of rough, choppy, turbulent waters and similar conditions on the Hudson River during all relevant times herein;

p.  failed to provide plaintiff with a safe place to work;

q.  failed to provide plaintiff with a safe, seaworthy and/or seaworthy vessel.

r.  departed from good and accepted vessel, maritime maintenance practices;

s.  departed from good, safe practice;

t.  failed to conduct regular medical examinations of the plaintiff during his said employment;

u.  all of the foregoing with both actual and constructive notice and actual knowledge that the said vessel to which plaintiff was assigned, was not suited for navigation on the waters of the lower Hudson River, was not built for the purpose it was used, as it was built with a flat bottom hull, a "modified V" or "semi-vee" bottom, that was to be used on smooth water, not the waters of the lower Hudson River, was fitted with a seat with no suspension and no adjustment for height above the

17

deck and configured too close to the bow and was not fitted with a seat or seat base or seat stanchion which was safe or seaworthy and that by assigning plaintiff to operate, captain and crew said vessel was unreasonably dangerous to his health, safety and well being and in in otherwise being negligent, careless and reckless;

v. failed to train and advise Marion of the safe operation of his boat under the conditions he faced on a daily basis navigating the waters of the Hudson River near the existing Tappan Zee bridge from Westchester County to Rockland County.

47. That the liability of the defendant(s) arise within the meaning of CPLR Section 1602 and/or a non-delegable duty and/or the doctrine of *respondeat superior* and/or the reckless disregard of the defendant for the safety of others within the meaning of CPLR Section 1602 and accordingly, to the extent that limited liability would impair, modify, abrogate or restrict the right of the plaintiff as against the defendant and/or defendants, defendant and/or defendants are not entitled to invoke the limited liability provision of Article 16 of the CPLR and to the extent, if any, that any defendants in this action contends that any of the employers of the plaintiff bears any culpability with respect to the injuries of the plaintiff, the benefits of CPLR Section 1602 are claimed by plaintiff.

48. By reason of the foregoing, said defendants are liable to plaintiff in amounts which exceed the jurisdictional limits of all lower courts.

<u>**AS AND FOR A SECOND CAUSE OF ACTION**
**UNDER GENERAL MARITIME LAW FOR NEGLIGENCE**
**AGAINST ALL/EACH DEFENDANT**</u>

49. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in Paragraphs marked and numbered "1" through "48", inclusive, with the same force and effect as if more fully set forth at length herein.

50. The foregoing bodily trauma and bodily injuries sustained by the plaintiff on the 17th day of September, 2013, and the injuries, sequelae, symptomatology, treatment and disability, were proximately caused by the negligence, carelessness and recklessness of the defendants herein, their officers, agents, servants, employees and/or contractors under their control, in negligently, carelessly and recklessly:

    a. acquired and utilized the said vessel to which plaintiff was assigned and required to operate as herein alleged, when defendants and each of them knew that said vessel, the "WB1" was not suitable, or suited for, was not seaworthy, was not fit to safely navigable on the waters of the Hudson River and was unreasonably unsafe as utilized by defendants herein;

    b. failed to furnish plaintiff with a safe and seaworthy vessel;

    c. violated applicable federal, state and local laws, statutes, rules, and regulations, including OHSA regulations, New York State Industrial Code Rule 23 regulations, codes, including the New York Property Maintenance Code, ordinances;

    d. failed to employ good and accepted safe practice, good and accepted maintenance procedures with regard to the said vessel;

    e. failed to equip, modify and/or retrofit the said vessel with a seat and seat base which was reasonably safe and suitable for its intended use on the Hudson River;

19

f.  failed and neglected to perform any adequate vessel inspections of the said vessel and to take action to safeguard the health and safety of the plaintiff herein;

g.  failed and neglected to  test or otherwise determine the efficacy, the safety of the said vessel on the waters of the Hudson River under varying weather, wind, tide and wave conditions before and while the plaintiff was assigned to pilot the said vessel;

h.  failed to equip or provide plaintiff with any equipment or safety equipment to reduce or minimize or eliminate the vibration and repetitive impact/trauma to plaintiff's body each and every time he boarded and/or piloted the aforesaid vessel;

i.  failed to consult the manufacturer of the said vessel to inquire whether its use on the Hudson River was reasonably, safe and/or appropriate for plaintiff and others to operate thereon;

j.  failed to maintain, repair, retrofit or otherwise to replace the said vessel prior to plaintiff's said injuries;

k.  undertook to perform and negligently and carelessly did perform its contractual duties, assumed duties and its duties imposed by law;

l.  failed to reduce the time plaintiff was required to be aboard and/or to operate said vessel;

m.  failed to re-assign the plaintiff to a safe and suitable vessel to perform his job duties;

n.  created the unsafe and dangerous conditions on the aforesaid vessel;

o.  failed to suspend work operations and/or to suspend the plaintiff's use of the said vessel under conditions of rough, choppy, turbulent waters and similar conditions on the Hudson River during all relevant times herein;

p.  failed to provide plaintiff with a safe place to work;

q.  failed to provide plaintiff with a safe, seaworthy and/or seaworthy vessel;

r.  departed from good and accepted vessel, maritime maintenance practices;

s.  departed from good, safe practice;

t.  failed to conduct regular medical examinations of the plaintiff during his said employment;

u.  all of the foregoing with both actual and constructive notice and actual knowledge that the said vessel to which plaintiff was assigned, was not suited for navigation on the waters of the lower Hudson River, was not built for the purpose it was used, as it was built with a flat bottom hull, a "modified V", that was to be used on smooth water, not the waters of the lower Hudson River, was not fitted with a seat or seat base or seat stanchion which was safe or seaworthy and that by assigning plaintiff to operate, captain and crew said vessel was unreasonably dangerous to his health, safety and well being and in in otherwise being negligent, careless and reckless.

51. That the liability of the defendants arise within the meaning of CPLR Section 1602 and/or a non-delegable duty and/or the doctrine of *respondeat superior* and/or the reckless disregard of the defendant for the safety of others within the meaning of CPLR Section 1602 and accordingly, to the extent that limited liability would impair, modify,

21

abrogate or restrict the right of the plaintiff as against the defendant and/or defendants, defendant and/or defendants are not entitled to invoke the limited liability provision of Article 16 of the CPLR and to the extent, if any, that any defendants in this action contends that any of the employers of the plaintiff bears any culpability with respect to the injuries of the plaintiff, the benefits of CPLR Section 1602 are claimed by plaintiff.

52. By reason of the foregoing said defendants are liable to plaintiff in amounts which exceed the jurisdictional limits of all lower courts.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS – STRICT LIABILITY FOR BREACH OF DUTY TO PROVIDE A SEAWORTHY VESSEL

53. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in Paragraphs marked and numbered "1" through "52", inclusive, with the same force and effect as if more fully set forth at length herein.

54. Defendants and each of them had a duty to provide a seaworthy vessel to the plaintiff for his use.

55. Defendants, and each of them, their agents, servants, employees and/or contractors under their control, did breach the duty owed to plaintiff to provide him, a master or member of the crew of such vessel, with a safe and seaworthy vessel.

56. Defendants assigned plaintiff to and did require him to board, work upon and to operate/ navigate the said vessel, the "WB1" on and prior to the 17th day of September 2013 when said vessel was unsafe and unseaworthy.

22

57. Due to defendants' breach of the duty to provide plaintiff with a seaworthy vessel, defendants and each of them, are strictly liable to the plaintiff herein for bodily injuries, economic losses and other damages herein alleged.

58. By reason of the foregoing said defendants are liable to plaintiff in amounts which exceed the jurisdictional limits of all lower courts.

## AS AND FOR A FOURTH CAUSE OF ACTION UNDER NEW YORK LABOR LAW 200 AND THE COMMON LAW OF NEW YORK STATE AGAINST ALL DEFENDANTS

59. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in Paragraphs marked and numbered "1" through "58", inclusive, with the same force and effect as if more fully set forth at length herein.

60. Upon information and belief, Defendants, their agents, servants and employees and contractors under their control, were engaged in the construction of a new Tappan Zee Bridge, work governed by New York Labor Law section 200 at the time and location of the occurrence alleged herein.

61. Defendants, their agents, servants, and employees were under a non-delegable duty to furnish plaintiff with a safe place to work and secure a properly protected workplace.

62. Defendants, their agents, servants and/or employees breached their duty and failed to furnish plaintiff with a safe place to work and they failed to properly secure and protect the workplace.

63. Defendants, their agents, servants and employees violated and otherwise breached their statutory duties imposed by New York Labor Law section 200, causing the injuries and damages alleged herein.

23

64. By reason of the foregoing said defendants are liable to plaintiff in amounts which exceed the jurisdictional limits of all lower courts.

## AS AND FOR A FIFTH CAUSE OF ACTION UNDER NEW YORK LABOR LAW SECTION 241(6) AND INDUSTRIAL CODE RULE 23 AGAINST ALL DEFENDANTS

65. The plaintiffs repeat, reiterate and reallege each and every allegation contained in Paragraphs marked and numbered "1" through "64" inclusive, with the same force and effect as if more fully set forth at length herein.

66. Defendants, owners and/or contractors did violate New York Labor Law section 241(6), Industrial Code Rule 23 and the rules and regulations promulgated thereunder.

67. By reason of the foregoing said defendants are liable to plaintiff in amounts which exceed the jurisdictional limits of all lower courts.

## AS AND FOR A SIXTH CAUSE OF ACTION AGAINST ALL DEFENDANTS – MAINTENANCE AND CURE

68. The plaintiffs repeat, reiterate and reallege each and every allegation contained in Paragraphs marked and numbered "1" through "67", inclusive, with the same force and effect as if more fully set forth at length herein.

69. At all times pertinent to this action, and beginning with his period of disability on the 17th day of September 2013, and plaintiff was and is entitled to the benefits of "maintenance and cure."

70. Plaintiff's employer, defendant, TZC has not at all times during his disability following the aforesaid work incident on the 17th day of September 2013 furnished maintenance and cure to the plaintiff herein.

24

71. Upon information and belief, defendants have wilfully deprived and denied Maintenance and Cure to the plaintiff herein

72. By reason of the foregoing said defendants are liable to plaintiff for the damages alleged herein which exceed the jurisdictional limits of all lower courts.

## AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS – NEGLIGENCE AND BREACH OF THE DUTIES IMPOSED BY THE GENERAL MARITIME LAW

73. The plaintiffs repeat, reiterate and realloge each and every allegation contained in paragraphs "1" through "72" of this complaint with the same force and effect as if each were more fully set forth at length herein.

74. By reason of the foregoing, the defendants are liable to the plaintiff herein for the damages alleged herein which exceed the jurisdiction of all courts of lesser jurisdiction.

## AS AND FOR A EIGHTH CAUSE OF ACTION AGAINST "THE VESSEL" AND AGAINST ALL DEFENDANTS – VESSEL NEGLIGENCE UNDER 33 U.S.C. §905(b)

75. The plaintiffs repeat, reiterate and realloge each and every allegation contained in paragraphs "1" through "74" of this complaint with the same force and effect as if each were more fully set forth at length herein.

76. Plaintiff is entitled to the damages allowed by 33 U.S.C. s905(b) in this action against the said vessel, for the negligence of the vessel the "WC1" and against defendants herein for the negligence of each defendant, its agents, servants and employees.

77. By reason of the foregoing said defendants are liable to plaintiff for all damages in amounts which exceed the jurisdictional limits of all lower courts.

## AS AND FOR AN NINTH CAUSE OF ACTION AGAINST ALL DEFENDANTS –GROSS NEGLIGENCE AND PUNITIVE DAMAGES

25

78. The plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "77" of this complaint with the same force and effect as if each were more fully set forth at length herein.

79. At all times relevant, the defendants, their agents, servants and employees, acted in reckless disregard, deliberate disregard and conscious disregard for the health, safety, and welfare of the plaintiff here.

80. By reason of the foregoing, the plaintiff is entitled to punitive and exemplary damages in addition to his compensatory damages alleged herein in amounts which exceed the jurisdictional limits of all lower courts.

WHEREFORE, plaintiffs demand judgment against the defendants as follows:

1) On the First Cause of Action for TIMOTHY MARION in amounts which exceed the jurisdictional limits of all lower courts;

2) On the Second Cause of Action for TIMOTHY MARION in amounts which exceed the jurisdictional limits of all lower courts;

3) On the Third Cause of Action for TIMOTHY MARION in amounts which exceed the jurisdictional limits of all lower courts;

4) On the Fourth Cause of Action for TIMOTHY MARION in amounts which exceed the jurisdictional limits of all lower courts;

5) On the Fifth Cause of Action for TIMOTHY MARION in amounts which exceed the jurisdictional limits of all lower courts;

6) On the Sixth Cause of Action for TIMOTHY MARION in amounts which exceed the jurisdictional limits of all lower courts;

7) On the Seventh Cause of Action for TIMOTHY MARION in amounts which exceed the jurisdictional limits of all lower courts;

8) In the Eighth Cause of Action for TIMOTHY MARION in amounts which exceed the jurisdictional limits of all lower courts;

9) In the Ninth Cause of Action for TIMOTHY MARION in amounts which exceed the jurisdictional limits of all lower courts;

10) And for such other and further relief which is just and proper, together with interest, costs and disbursements of this action.

DATED:      August 10, 2016
            Rhinebeck, New York

STEVEN M. MELLEY, PLLC
Attorney for Plaintiff
24 Closs Drive
Rhinebeck, NY  12572
(845) 876-4057

**ADDRESSES OF DEFENDANTS FOR SERVICE OF PROCESS:**

TAPPAN ZEE CONSTRUCTORS, LLC.
% Corporation Service Company
80 State Street
Albany, New York  12207-2543

TAPPAN ZEE CONSTRUCTORS, LLC.
% Secretary of State of the State of New York
99 Washington Ave.
Albany, New York  12231

FLUOR ENTERPRISES, INC.
% Corporation Service Company
80 State Street
Albany, New York  12207-2543

27

FLUOR ENTERPRISES, INC.
% Secretary of State of the State of New York
99 Washington Ave.
Albany, New York  12231

AMERICAN BRIDGE COMPANY
% CT Corporation System
111 Eighth Avenue
New York, New York   10011

AMERICAN BRIDGE COMPANY
% Secretary of State of the State of New York
99 Washington Ave.
Albany, New York 12231

TRAYLOR BROS., INC.
% National Registered Agents, Inc.
111 Eighth Avenue
New York, New York  10011

TRAYLOR BROS., INC.
% Secretary of State of the State of New York
99 Washington Ave,
Albany, New York  12231

GRANITE CONSTRUCTION NORTHEAST, INC.
% CT Corporation System
111 Eighth Avenue .
New York, New York   10011

GRANITE CONSTRUCTION NORTHEAST, INC.
% Secretary of State of the State of New York
99 Washington Ave.
Albany,  New York  12231

<u>**VERIFICATION**</u>

The undersigned, under penalties of perjury, affirms:

That I am STEVEN M. MELLEY, ESQ., an attorney in the Law Offices of Steven M. Melley,

PLLC, attorney for the plaintiff(s) herein; that I have read the attached Summons and Verified

Complaint and know the contents thereof and the same are true to the best of my knowledge, except

those matters therein which are stated to be alleged on information and belief and as to those matters I

believe them to be true; that the grounds and sources of such belief are the investigation of the incident

and attendant circumstances; and that the reason this verification is not made by the plaintiffs(s) herein is

that said party is out of the county where your deponent's office is located.

I affirm that the foregoing statements are true under penalties of perjury.

Dated: August 15, 2016
       Rhinebeck, New York

                                     _____
                                        STEVEN M. MELLEY, ESQ.

1:17-cv-168 (MAD/CFH)

# EXHIBIT C

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                            :

IN THE MATTER OF THE COMPLAINT    :

                of            :       Case No. _____

                            :

TAPPAN ZEE CONSTRUCTORS, LLC,    :    **DECLARATION OF**
as owner of 2007 Lobell Boat, Serial Number    :    **VALUE OF VESSEL**
L0A11504J607, FOR EXONERATION FROM    :
OR LIMITATION OF LIABILITY,    :

                            :

            Petitioner.        :

                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

        **JIM HAMMOND** hereby declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

        1.      I am employed by Tappan Zee Constructors, LLC, the entity that owns the vessel 2007 Lobell Boat, Serial Number L0A11504J607, and I make this Declaration of Value of Vessel pursuant to 46 U.S.C. § 30506 in order to set the value of 2007 Lobell Boat, Serial Number L0A11504J607 at the time of the September 17, 2013 incident at $62,000.00. I am fully familiar with the facts set forth in this Declaration.

        2.      2007 Lobell Boat, Serial Number L0A11504J607 was built in 2007, constructed of aluminum with a length of 24 feet.

        3.      On September 17, 2013, 2007 Lobell Boat, Serial Number L0A11504J607 was owned by Tappan Zee Constructors, LLC.  2007 Lobell Boat, Serial Number L0A11504J607 continues to be owned by Tappan Zee Constructors, LLC.

4.      On or about April 11, 2013, 2007 Lobell Boat, Serial Number L0A11504J607 was purchased by Tappan Zee Constructors, LLC from Traylor Bros., Inc.

5.      The amount paid by Tappan Zee Constructors, LLC for 2007 Lobell Boat, Serial Number L0A11504J607 was $62,000.00.

6.      In the time between April 11, 2013 and September 17, 2013, the condition and value of 2007 Lobell Boat, Serial Number L0A11504J607 did not deteriorate or otherwise change.

7.      Based on the foregoing, the value of 2007 Lobell Boat, Serial Number L0A11504J607 on September 17, 2013 was $62,000.00.

WHEREFORE, the undersigned declarant hereby respectfully requests that the Court accept the value of 2007 Lobell Boat, Serial Number L0A11504J607 for purposes of limitation of liability pursuant to 46 U.S.C. § 30506 to be $62,000.00.

Dated: February  , 2017
          Tarrytown, New York

_____
JIM HAMMOND

2

# EXHIBIT D

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

IN THE MATTER OF THE COMPLAINT

of

TAPPAN ZEE CONSTRUCTORS, LLC,
as owner of 2007 Lobell Boat, Serial Number
L0A11504J607, FOR EXONERATION FROM
OR LIMITATION OF LIABILITY,

Petitioner.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Bond No. K09585825

Case No. _____

***AD INTERIM* SECURITY BOND**

WHEREAS, Petitioner TAPPAN ZEE CONSTRUCTORS, LLC (hereinafter referred to as "Petitioner"), as owner of 2007 Lobell Boat, Serial Number L0A11504J607 (hereinafter referred to as the "Vessel"), has instituted this action in this Court for Exoneration from or Limitation of Liability (hereinafter referred to as the "Limitation Action") with respect to the damages, injuries and claims asserted or to be asserted in connection with personal injuries allegedly incurred by Timothy Marion on or about September 17, 2013, as set for in the lawsuit filed in the Supreme Court of the State of New York, County of Ulster, bearing Index Number 16-2180;

WHEREAS, Petitioner, in compliance with Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, wishes to file this *Ad Interim* Security Bond in the amount of $62,000.00, which is the value of Petitioner's interest in the Vessel as established in Exhibit C to the Complaint, as security for any and all claims arising from the foregoing incident;

~~NOW THEREFORE~~, in consideration of the premises, Petitioner and its surety Westchester Fire Insurance Company hereby consent and agree for the benefit of any claimants herein that if judgment is awarded against Petitioner, a judgment may be entered against them for an amount not exceeding $62,000.00 plus costs and interest thereon at the rate of 6% per annum from the date hereof.

If the amount of this security is contested, then within thirty (30) days after entry of an Order confirming the report of an independent marine surveyor appointed by the Court to appraise the value of the Vessel, Petitioner will file a revised *Ad Interim* Security Bond conforming to such appraised value, and in the interim this *Ad Interim* Security Bond shall stand as security for all claims filed in this Limitation Action;

**FURTHERMORE**, Surety Westchester Fire Insurance Company agrees, together with Petitioner, to pay the amount awarded by any final judgment rendered by this Court up to the principal amount of this *Ad Interim* Security Bond, with interest and costs as aforesaid, unless a revised *Ad Interim* Security Bond shall have been given, in which event this *Ad Interim* Security Bond shall be void, otherwise to remain in full force and effect.

Dated: February 10, 2017

FLICKER, GARELICK & ASSOCIATES, LLP
Attorneys for Petitioner Tappan Zee Constructors, LLC

By:
Brendan E. McKeon (Bar Roll No. 520290)
45 Broadway
New York, New York 10006
(212) 319-5240

SURETY:

Westchester Fire Insurance Company
Name of Surety

By: _____
Name:  Cori Riddle
Title:   Attorney in Fact

# Power of Attorney

## WESTCHESTER FIRE INSURANCE COMPANY

**Know all men by these presents:** That **WESTCHESTER FIRE INSURANCE COMPANY**, a corporation of the Commonwealth of Pennsylvania pursuant to the following Resolution, adopted by the Board of Directors of the said Company on December 11, 2006, to wit

"RESOLVED, that the following authorizations relate to the execution, for and on behalf of the Company of bonds undertakings recognizances contracts and other written commitments of the Company entered into the ordinary course of business (each a 'Written Commitment')

(1) Each of the Chairman, the President and the Vice Presidents of the Company is hereby authorized to execute any Written Commitment for and on behalf of the Company under the seal of the Company or otherwise

(2) Each duly appointed attorney in fact of the Company is hereby authorized to execute any Written Commitment for and on behalf of the Company, under the seal of the Company or otherwise to the extent that such action is authorized by the grant of powers provided for in such persons written appointment as such attorney in fact

(3) Each of the Chairman the President and the Vice Presidents of the Company is hereby authorized for and on behalf of the Company to appoint in writing any person the attorney in fact of the Company with full power and authority to execute for and on behalf of the Company under its seal or otherwise such Written Commitments of the Company as may be specified in such written appointment, which specification may be by general type or class of Written Commitments or by specification of one or more particular Written Commitments

(4) Each of the Chairman, the President and Vice Presidents of the Company is hereby authorized for and on behalf of the Company, to delegate in writing any other officer of the Company the authority to execute, for and on behalf of the Company, under the Company's seal or otherwise such Written Commitments of the Company as are specified in such written delegation which specification may be by general type or class of Written Commitments or by specification of one or more particular Written Commitments

(5) The signature of any officer or other person executing any Written Commitment or appointment or delegation pursuant to this Resolution and the seal of the Company may be affixed by facsimile on such Written Commitment or written appointment or delegation

FURTHER RESOLVED, that the foregoing Resolution shall not be deemed to be an exclusive statement of the powers and authority of officers, employees and other persons to act for and on behalf of the Company, and such Resolution shall not limit or otherwise affect the exercise of any such power or authority otherwise validly granted or vested,

Does hereby nominate, constitute and appoint Corn Riddle, Francis J Curran, Marina A Kentley, Sally Phillips, all of the City of PHILADELPHIA, Pennsylvania each individually if there be more than one named, its true and lawful attorney-in-fact, to make, execute, seal and deliver on its behalf, and as its act and deed any and all bonds, undertakings, recognizances, contracts and other writings in the nature thereof in penalties not exceeding Seventy Five million dollars & zero cents ($75,000,000 00) and the execution of such writings in pursuance of these presents shall be as binding upon said Company, as fully and amply as if they had been duly executed and acknowledged by the regularly elected officers of the Company at its principal office,

IN WITNESS WHEREOF, the said Stephen M Haney, Vice-President, has hereunto subscribed his name and affixed the Corporate seal of the said **WESTCHESTER FIRE INSURANCE COMPANY** this 21 day of August 2015

WESTCHESTER FIRE INSURANCE COMPANY

Stephen M Haney , Vice President

**COMMONWEALTH OF PENNSYLVANIA**
**COUNTY OF PHILADELPHIA** ss

On this 21 day of August, AD 2015 before me, a Notary Public of the Commonwealth of Pennsylvania in and for the County of Philadelphia came Stephen M Haney , Vice-President of the **WESTCHESTER FIRE INSURANCE COMPANY** to me personally known to be the individual and officer who executed the preceding instrument, and he acknowledged that he executed the same, and that the seal affixed to the preceding instrument is the corporate seal of said Company, that the said corporate seal and his signature were duly affixed by the authority and direction of the said corporation, and that Resolution, adopted by the Board of Directors of said Company, referred to in the preceding instrument, is now in force

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal at the City of Philadelphia the day and year first above written

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
KAREN E. BRANDT, Notary Public
City of Philadelphia, Phila. County
My Commission Expires Sept 25, 2018

Karen E Brandt
Notary Public

I, the undersigned Assistant Secretary of the WESTCHESTER FIRE INSURANCE COMPANY, do hereby certify that the original POWER OF ATTORNEY, of which the foregoing is a substantially true and correct copy, is in full force and effect

In witness whereof, I have hereunto subscribed my name as Assistant Secretary, and affixed the corporate seal of the Corporation, this 10th day of February, 2017.

William L Kelly, Assistant Secretary

THIS POWER OF ATTORNEY MAY NOT BE USED TO EXECUTE ANY BOND WITH AN INCEPTION DATE AFTER August 21, 2017



*DocuGard #04546 contains a security pantograph, blue background, heat sensitive ink coin reactive watermark, and microtext printing on border*

JS 44   (Rev 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| IN THE MATTER OF THE COMPLAINT of TAPPAN ZEE CONSTRUCTORS, LLC, as owner of 2007 Lobell Boat, Serial Number L0A11504J607, FOR EXONERATION FROM OR LIMITATION OF LIAB | |

**(b)** County of Residence of First Listed Plaintiff   New Castle County, DE
*(EXCEPT IN U S PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U S PLAINTIFF CASES ONLY)*
NOTE    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED

**(c)** Attorneys *(Firm Name, Address and Telephone Number)*
Flicker, Garelick & Associates
45 Broadway, New York, NY 10006
(212) 319-5240

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an  X  in One Box Only)*

- ☐ 1  U S Government Plaintiff
- ☒ 3  Federal Question *(U S Government Not a Party)*
- ☐ 2  U S Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an 'X' in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an  X  in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an  X  in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U S Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*
46 U.S.C. 30501, et seq  and Rule F of the Supplemental Rules for Admiralty or Maritime Claims
Brief description of cause
Complaint seeking exoneration from or limitation of liability pursuant to 46 U S C  30501, et seq

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F R Cv P

DEMAND $ _____

CHECK YES only if demanded in complaint
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*   JUDGE _____   DOCKET NUMBER _____

DATE
02/14/2017

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG JUDGE |
|---|---|---|---|---|
| 0206-3928994 | $400 | | MAD | CFH |

1:17-cv-168 (MAD/CFH)

JS 44 Reverse (Rev 07/16)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed  The attorney filing a case should complete the form as follows

I.(a)   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b)   **County of Residence.** For each civil case filed, except U S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing  In U S  plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing  (NOTE  In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved )

(c)   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F R Cv.P., which requires that jurisdictions be shown in pleadings  Place an "X" in one of the boxes  If there is more than one basis of jurisdiction, precedence is given in the order shown below
United States plaintiff  (1) Jurisdiction based on 28 U S C  1345 and 1348  Suits by agencies and officers of the United States are included here
United States defendant  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U S C  1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States  In cases where the U S  is a party, the U S  plaintiff or defendant code takes precedence, and box 1 or 2 should be marked
Diversity of citizenship  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states  When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; NOTE: federal question actions take precedence over diversity cases.)

III.   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.   **Nature of Suit.** Place an "X" in the appropriate box  If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit  If the cause fits more than one nature of suit, select the most definitive

V.   **Origin.** Place an "X" in one of the seven boxes
Original Proceedings  (1) Cases which originate in the United States district courts
Removed from State Court  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U S C , Section 1441. When the petition for removal is granted, check this box
Remanded from Appellate Court  (3) Check this box for cases remanded to the district court for further action  Use the date of remand as the filing date
Reinstated or Reopened  (4) Check this box for cases reinstated or reopened in the district court  Use the reopening date as the filing date
Transferred from Another District  (5) For cases transferred under Title 28 U S C  Section 1404(a)  Do not use this for within district transfers or multidistrict litigation transfers
Multidistrict Litigation – Transfer  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U S C  Section 1407
Multidistrict Litigation – Direct File  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
*PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.* Origin Code 7 was used for historical records and is no longer relevant due to changes in statue

VI.   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. *Do not cite jurisdictional statutes unless diversity.* Example  U S  Civil Statute: 47 USC 553  Brief Description  Unauthorized reception of cable service

VII.   **Requested in Complaint.** Class Action  Place an "X" in this box if you are filing a class action under Rule 23, F R.Cv.P
Demand  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction
Jury Demand  Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases

**Date and Attorney Signature.** Date and sign the civil cover sheet

AO 440 (Rev 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of New York

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT <br> *Plaintiff* <br> TAPPAN ZEE CONSTRUCTORS, LLC <br> as owner of 2007 Lobell Boat, Serial Number <br> L0A11504J607, FOR EXONERATION FROM <br> OR LIMITATION OF LIABILITY <br> *Defendant* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> Civil Action No.   1:17-cv-168 (MAD/CFH) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are    Brendan E  McKeon
Flicker, Garelick & Associates
45 Broadway, New York, NY 10006

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____02/13/2017_____          _____
                                          *Signature of Clerk or Deputy Clerk*