# EXHIBIT C

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

IN THE MATTER OF THE COMPLAINT

      Of

TAPPAN ZEE CONSTRUCTORS, LLC,
as owner of 2007 Lobell Boat, Serial Number
L0A11504J607, FOR EXONERATION FROM
OR LIMITATION OF LIABILITY,

               Petitioner.

------------------------------------------------------------x

**JURY TRIAL IS DEMANDED**

Case No. 1:17-cv-168 (MAD/CFH)

**CLAIMANT'S ANSWER TO
COMPLAINT FOR EXONERATION
OR LIMITATION**

Claimant, Timothy Marion through his attorney,  Steven M. Melley, PLLC,  as and for his

Answer and Affirmative Defenses to the Petition herein does state:

FIRST:  Denies the allegations in paragraphs numbered "7", "8" "9" "14" "15" and "16"of the

Petition/Complaint for Exoneration from or Limitation of Liability, dated February 14, 2017 and filed

with this Court herein;

SECOND:  Denies information sufficient to form a belief as to the allegations contained in

paragraphs numbered, "1", "2", "10", "11", "12", and "13" of the Petition/Complaint for Exoneration

from or Limitation of Liability, dated February 14, 2017 and filed with this Court herein;

THIRD:  Admits, as alleged in paragraph numbered "3" of the Petition/Complaint for

Exoneration from or Limitation of Liability, dated and filed with this Court on February 14, 2017, that

Claimant, Timothy Marion did name Petitioner as one of five defendants in the verified complaint, dated

August 15, 2016, filed and commenced in the Supreme Court of the State of New York venued in

Ulster County under Index No. 2180/2016 on August 15, 2016 which complaint is annexed as **Exhibit**

1

**B** of the "Complaint for Exoneration from or Limitation of Liability" herein filed by and for Petitioner, Tappan Zee Constructors, LLC.

FOURTH: Admits the allegations set forth in paragraph numbered "6" of the Complaint and respectfully refer all matters of law to this Court.

FIFTH: Admits, as alleged in paragraph numbered "4" of the Petition/Complaint for Exoneration from or Limitation of Liability, dated and filed with this Court on February 14, 2017, that Claimant, Timothy Marion, alleges, among other allegations made in his said verified complaint in the pending state court action, that on September 17, 2013, while aboard a vessel known as "WB1", bearing hull no. L0A11504J607, he sustained bodily injuries as alleged therein.

SIXTH: Admits, as alleged in paragraph numbered "5" of the Petition/Complaint for Exoneration from or Limitation of Liability, dated and filed with this Court on February 14, 2017, that Claimant, Timothy Marion, alleges, among other allegations, that Petitioner herein, Tappan Zee Constructors, LLC., is liable for the injuries and damages he sustained on September 17, 2013 while aboard a certain vessel in the navigable waters of the Hudson River, owned by Petitioner herein, Tappan Zee Constructors, LLC.

**FIRST COMPLETE AND AFFIRMATIVE DEFENSE**

SEVENTH: This action/proceeding is not timely brought or filed by Petitioner.

**SECOND COMPLETE AND AFFIRMATIVE DEFENSE**

EIGHTH: Petitioner, its officers, owners and/or managers had both privity and knowledge of their negligence and of their negligent entrustment of the subject vessel in an unsafe and unseaworthy condition and both actual and constructive notice and knowledge of such unsafe and unseaworthy conditions.

2

## THIRD COMPLETE AND AFFIRMATIVE DEFENSE

NINTH:  The Court herein lacks subject matter jurisdiction of this action/proceeding.

## FOURTH COMPLETE AND AFFIRMATIVE DEFENSE

TENTH:  The Petition/Complaint herein fails to state a cognizable claim cause of action upon which relief may be granted under Supplemental Rule F, under 46 U.S.C. ss. 30501, et seq., under General Maritime Law or otherwise.

## FIFTH COMPLETE AND AFFIRMATIVE DEFENSE

ELEVENTH:  The Claimant herein has filed and/or will file certain stipulations by which the injunction of the Claimant must be vacated and the stay of the pending state court action must be lifted.

## SIXTH COMPLETE AND AFFIRMATIVE DEFENSE

TWELFTH:  The Home Port Doctrine bars this action and divests this Court of its jurisdiction.

## SEVENTH COMPLETE AND AFFIRMATIVE DEFENSE

THIRTEENTH:  This Court's injunction and/or stay of the pending action in state court is overly broad, does not require sufficient security, i.e. an amount equal to the value of the subject vessel and its pending freight, and otherwise fails to invoke the flotilla doctrine to insure and adequate security for the claims made by the single claimant herein.

WHEREFORE, this action/proceeding and the Petition/Complaint for Exoneration and Limitation herein must be dismissed, or the injunction of the Claimant must be vacated and the stay of the pending state court action be lifted allowing Claimant to proceed with the state court action, together with such other, just and proper relief as is warranted herein.

Dated:  April 25, 2017
      Rhinebeck, New York

3

STEVEN M. MELLEY, PLLC

By:    STEVEN M. MELLEY, (Bar No. 103744)
*Attorney for Claimant*
24 Closs Drive
Rhinebeck, NY 12572
(845) 876-4057

To:    Brendan E. McKeon, Esq.
       Flicker, Garelick & Associates, LLP
       *Attorneys for Petitioner*
       45 Broadway
       New York, New York   10006
       (212) 319-5240

4