**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**IN THE MATTER OF THE COMPLAINT**

      **of**

**TAPPAN ZEE CONSTRUCTORS, LLC,**
*as owner of 2007 Lobell Boat, Serial Number*
*L0A11504J607, for exoneration from or*
*limitation of liability*,

                            **Petitioner.**

**1:17-cv-00168**
**(MAD/CFH)**

_____

**APPEARANCES:**                                    **OF COUNSEL:**

**FLICKER, GARELICK & ASSOCIATES, LLP**     **BRENDAN E. MCKEON, ESQ.**
45 Broadway, Suite 2630
New York, New York 10006
Attorneys for Petitioner

**MELLEY, PLATANIA LAW FIRM**               **STEVEN M. MELLEY, ESQ.**
24 Closs Drive
Rhinebeck, New York 12572
Attorneys for Claimant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On February 14, 2017, petitioner Tappan Zee Constructors, LLC (hereinafter "Petitioner") filed a Complaint for Exoneration from or Limitation of Liability regarding 2007 Lobell Boat, Serial Number L0A11504J607, pursuant to 46 U.S.C. §§ 30501, *et seq.*, and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions for any damages and/or injuries caused by or resulting from an incident occurring on or about September 17, 2013, in the navigable waters of the Hudson River. *See* Dkt. No. 1 at "Exhibit B".

Petitioner therein sought approval of an *Ad Interim* Security Bond as security, a restraint on all actions and proceedings against it, and the requisite publication of notice. *Id*. at ¶ 1. On March 17, 2017, the Court granted Petitioner's motions to approve security, enjoin suits, and direct issue of notice. Dkt. No. 6.

Currently before the Court are claimant Timothy Marion's (hereinafter "Claimant") Motion to Vacate Injunction Against Claimant and Lift the Stay of State Court Action Allowing Claimant to Proceed with the State Court Action dated April 28, 2017, and Petitioner's Cross-Motion for Entry of Default. For the reason stated below, both motions are denied.

## II. BACKGROUND

Petitioner is a foreign limited liability company with a principal place of business in Tarrytown, New York. *See* Dkt. No. 1 at ¶ 2. At all relevant times, Petitioner was the registered owner of the vessel 2007 Lobell Boat, Serial Number L0A11504J607, which has alternatively been referenced in other documents and filings as "Work Boat 01" or "WB 01." *See id.*

Claimant is a resident of Lloyd, New York and was employed by Petitioner. *See id*. at "Exhibit B." Claimant was assigned to and operated vessel LOA11504J607, owned by Petitioner on September 17, 2013. *See id*. While operating said vessel on September 17, 2013, Claimant sustained traumatic injuries requiring medical and surgical care. *See id*. On or about August 15, 2016, Claimant named Petitioner in a personal injury lawsuit filed in the Supreme Court of the State of New York. Dkt. No. 1 at ¶ 3.

On February 14, 2017, Petitioner filed a Complaint for Exoneration from or Limitation of Liability, pursuant to 46 U.S.C. §§ 30501, *et seq*., and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions for any damages and/or

injuries caused by or resulting from an incident occurring on or about September 17, 2013 in the navigable waters of the Hudson River. *See* Dkt. No. 1 at ¶ 1. Petitioner denies that Claimant's injuries resulted form "any fault, neglect or want of care on the part of Petitioner." *Id.* at ¶ 7. Petitioner further asserts that the incident in question was not due to any unseaworthy conditions of the vessel and occurred without Petitioner's privity or knowledge. *Id*. at ¶¶ 7-9.

Finding that Petitioner complied with Rule F(1), the Court granted Petitioner's motions to approve security, enjoin suits, and direct issue of notice. Dkt. No. 6. The Court ordered notice to "all persons asserting claims or suits with respect to which the Complaint seeks limitation, admonishing them to file their respective claims with the Clerk, in writing, and to serve on the attorneys for the Petitioner a copy thereof, on or before May 1, 2017." *Id.* at 3. On April 25, 2017, Claimant filed an answer to Petitioner's claim without an accompanying or subsequently filed claim. *See* Dkt. No. 8.

On May 1, 2017, Claimant filed his Motion to Vacate Injunction Against Claimant and Lift the Stay of State Court Action Allowing Claimant to Proceed with the State Court Action dated April 28, 2017. *See* Dkt. No. 13. Claimant contends that as a "single claimant," state court is the appropriate forum. *See* Dkt. No. 13-1 at 1. On May 17, 2017, Petitioner filed a Cross-Motion for Entry of Default against Claimant for "fail[ure] to plead or otherwise defend" his case, contending that merely filing a answer in lieu of a claim is insufficient to meet the requirements of Rule F. Fed. R. Civ. P. 55(a); *see* Dkt. No. 14. Petitioner asserts that Claimant consequently lacks standing and is further unable to bring said motion to vacate. *See* Dkt. No. 14-1 at 3.

### III. DISCUSSION

**A.     Standard of Review**

3

The Federal Rules of Civil Procedure provide that, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once default is ordered, "[t]he court may set aside an entry of default for good cause." *Id.* at 55(c). The Second Circuit has "established three criteria that must be assessed in order to decide whether to relieve a party from default or from a default judgment. . . : (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).

**B.    Supplemental Admiralty and Maritime Claims Rule F**

Supplemental Admiralty and Maritime Claims Rule F provides that, "[n]ot later than six months after receipt of a claim in writing, any vessel owner may file a complaint in the appropriate district court . . . for limitation of liability pursuant to statute." Fed. R. Civ. P. Supplemental Rule F(1). Once the petitioner has successfully filed their complaint under the requirements of subsection (1), "the court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice. The date so fixed shall not be less than 30 days after issuance of the notice. For cause shown, the court may enlarge the time within which claims may be filed." *Id.* at F(4).

Petitioner asserts that a default judgment is appropriate because, although Claimant filed an answer in response to Petitioner's complaint, he failed to file a claim as required by Supplemental Admiralty and Maritime Claims Rule F(5). *See* Dkt. No. 14-1 at 3. Petitioner is correct that Claimant has failed to meet the requirements of Rule F by failing to file a claim. *See*

4

*In re Columbia Leasing L.L.C.*, 981 F. Supp. 2d 490, 495 (E.D. Va. 2013) ("[T]he Court finds that the Mullens are in default under the Supplemental Admiralty Rules for failing to file a claim against Columbia Leasing by April 11, 2013"); *In re Am. River Transp. Co.*, 728 F.3d 839, 844 (8th Cir. 2013) ("In this case, the government did not have statutory standing because it failed to file a claim in accordance with Rule F(5)"). However, Petitioner's assertion that failure to file a claim must result in a default judgment is erroneous as "the court may enlarge the time within which claims may be filed." Fed. R. Civ. P. Supplemental Rule F(2). The Southern District of New York has recognized that "the court can grant an extension whenever an examination of all the relevant facts shows that it will serve the ends of justice. Specifically, a showing that no party will be prejudiced by permitting an extension, even with a weak showing of excusable neglect, is sufficient." *Petition of World Tradeways Shipping, Ltd.,* 1967 A.M.C. 381, 382 (S.D.N.Y. 1966). Thus, "so long as the limitation proceeding is pending and undetermined, and the rights of the parties are not adversely affected, the court will freely grant permission to file late claims . . . upon a showing of reasons therefore." *Sagastume v. Lampsis Nav. Ltd., Drosia*, 579 F.2d 222, 224 (2d Cir. 1978) (quoting *Texas Gulf Sulphur Co. v. Blue Stack Towing Co.*, 313 F.2d 359 (5th Cir. 1963)) (internal quotation marks omitted).

First, to demonstrate cause for neglecting to file a claim, Claimant asserts that said failure was a good faith error in an attempt to contest Petitioner's right to limitation of liability. *See* Dkt. No. 15 at 3. Rule F provides that "[i]f a claimant desires to contest either the right to exoneration from or the right to limitation of liability the claimant shall file and serve an answer to the complaint unless the claim has included an answer." Fed. R. Civ. P. Supplemental Rule F(5). While Rule F(5) is somewhat ambiguous, case law demonstrates that "a claimant is not required to file an answer contesting a plaintiff's right to seek exoneration or limitation, *but to preserve his*

5

*right to recover from the limitation fund, he must file a claim.*" *In re Columbia Leasing L.L.C.*, 981 F. Supp. 2d at 494 (emphasis added).

Claimant erroneously believed that the filing of an answer would be sufficient, based on the language of Rule F(5). *See* Dkt. No. 15 at 1-2. Claimant's basis for this error is demonstrated in his citations to case law that Claimant erroneously asserts support an alternative construction of Rule F(5) allowing the mere filing of an answer without an accompanying claim. *See* Dkt. No. 15 at 2. Claimant cites to *In re Franz* and *In the Matter of the Complaint of Robert White,* in support of his position, yet both are easily distinguished and do not support Claimant's assertions. *In re Franz*, 7 F. Supp. 3d 238, 241-42 (N.D.N.Y. 2014) (discussing the late filing of a claim where the party was given insufficient notice); *In the Matter of the Complaint of Robert White*, No. 16-cv-174, 2016 WL 4402813, *3 (D.N.J. Aug. 16, 2016) (entering default against all parties who had not filed a claim by the original date ordered by the court or under an extension). While this is a "weak showing of excusable neglect," that is all that is required. *Petition of World Tradeways Shipping, Ltd.,* 1967 A.M.C. at 382. It is clear from Claimant's timely filed answer, motion to vacate injunction, and opposition to Petitioner's cross motion for default that Claimant clearly intended to contest the limited liability and therefore made a good faith mistake in failing to file a claim. *See* Dkt. Nos. 8, 14 & 15. The Court accepts this good faith error as justification for the neglect.

Second, the Court finds that Petitioner will not be prejudiced as not only has Claimant actively opposed the limited liability action since its inception, but Petitioner has known of Claimant's claims since Petitioner was served notice of Claimant's state law claim in August 2016. *See* Dkt. No. 15 at 2-3. Petitioner does not assert any prejudice that would result from the Court granting an extension. *See* Dkt. No. 14.

Based on the foregoing, the Court finds that Claimant has demonstrated that an extension to file a claim is warranted. Petitioner's motion for default judgement is therefore denied and the Court grants an extension for Claimant to file his claim.

**C.     Motion to Vacate Injunction And Lift the Stay of State Court Action**

When a court recognizes exoneration from or limitation of liability of a petitioner by "compliance by the owner with the requirements of subdivision (1) of this rule all claims and proceedings against the owner or the owner's property with respect to the matter in question shall cease." Fed. R. Civ. P. Supplemental Rule F(3). However, "courts have identified two sets of circumstances in which the exclusive jurisdiction of the admiralty court must give way." *Complaint of Dammers & Vanderheide & Scheepvaart Maats Christina B.V.*, 836 F.2d 750, 755 (2d Cir. 1988). First, if the limitation fund, which represents the value of the vessel and its cargo, exceeds the aggregate of the claims to be made against it, a *concursus*[1] is unnecessary and the district court must allow claimants to proceed in other forums." *Id.* (citations omitted). "Second, when a lone claimant brings an action seeking an amount in excess of the limitation fund, the district court must lift the stay against other proceedings if that claimant concedes the admiralty court's exclusive jurisdiction to determine all issues relating to the limitation of liability." *Id*. (citation omitted). There is not a lone claimant if "there is a potential set of circumstances in which a shipowner could be held liable in excess of the limitation fun, the reasonable prospect of claims for indemnification should constitute a multiple claimant situation necessitating a *concursus*." *Id*. at 757.

---

[1] A "*concursus*" is a proceeding in which "the district court, sitting in admiralty without a jury, determines 'whether there was negligence; if there was negligence, whether it was without the privity and knowledge of the owner; and if limitation is granted, how the [limitation] fund should be distributed.'" *Complaint of Dammers*, 836 F.2d at 755 (quotation omitted).

7

Claimant asserts that he is a lone claimant and as such, the Court must grant Claimant's "Motion to Vacate Injunction Against Claimant and Lift the Stay of State Court Action Allowing Claimant to Proceed with the State Court Action dated April 28, 2017." Dkt. No. 13 at 1; Dkt. No. 13-1 at 1. Neither party contests that Claimant is a lone claimant and no other parties have filed claims against Petitioner in this Court. However, *Dammers* provides the Court must examine the "[s]ufficiency of the appellees' stipulation in light of a four-part test designed to allow a claimant to proceed in another forum under the lone claimant exception." *Id*. at 757-58.

> [T]o avail himself of this avenue a claimant must:
>
> > a) file his claim in the limitation proceeding;
> >
> > b) where a stipulation for value has been filed in lieu of the transfer of the ship to a trustee concede the sufficiency in amount of the stipulation;
> >
> > c) consent to waive any claim of res judicata relevant to the issue of limited liability based on any judgment obtained in the state court;
> >
> > d) concede petitioner ship owner's right to litigate all issues relating to limitation in the limitation proceeding.

*Id*. at 758 (citations omitted).

The Court declines to examine Claimant's motion to vacate until a proper claim as been filed. Claimant cannot object to the Court's injunction until a claim has been filed. *See id.*; *see also In re Fire Island Ferries, Inc*., No. 11-CV-4327, 2012 WL 3704708, *2 (E.D.N.Y. Aug. 20, 2012) (citing *Complaint of Dammers*, 836 F.2d at 757-58); *In re Columbia Leasing L.L.C.*, 981 F. Supp. 2d at 494 ("[A] claimant is not required to file an answer contesting a plaintiff's right to seek exoneration or limitation, but to preserve his right to recover from the limitation fund, *he must file a claim*" ) (emphasis added). As Claimant does not and cannot provide adequate support

that his motion may be decided without filing a claim, Claimant's motion to vacate is denied without prejudice until Claimant has filed a claim.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Claimant's motion to vacate injunction (Dkt. No. 13) is **DENIED** without prejudice; and the Court further

**ORDERS** that Claimant shall file a claim with this Court pursuant to Rule F within **fourteen (14) days** of the filing date of this Memorandum-Decision and Order; and the Court further

**ORDERS** that Petitioner's motion for default judgement is **DENIED** (Dkt. No. 14); and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 6, 2018
      Albany, New York

Mae A. D'Agostino
U.S. District Judge