**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

IN THE MATTER OF THE COMPLAINT

       of

TAPPAN ZEE CONSTRUCTORS, LLC,
*as owner of 2007 Lobell Boat, Serial Number
L0A11504J607, for exoneration from or
limitation of liability*,

                   Petitioner.

1:17-cv-0168
(MAD/CHF)

_____

APPEARANCES:

FLICKER, GARELICK & ASSOCIATES, LLP
45 Broadway, Suite 2630
New York, New York 10006
Attorneys for Petitioner

MELLEY, PLATANIA LAW FIRM
24 Closs Drive
Rhinebeck, New York 12572
Attorneys for Claimant

OF COUNSEL:

BRENDAN E. MCKEON, ESQ.
KEITH L. FLICKER, ESQ.

STEVEN M. MELLEY, ESQ.

**Mae A. D'Agostino, U.S. District Judge:**

# MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

On February 14, 2017, Petitioner Tappan Zee Constructors, LLC, filed a Complaint for

Exoneration from or Limitation of Liability regarding 2007 Lobell Boat, Serial Number

L0A11504J607 ("Work Boat 01"),[1] pursuant to 46 U.S.C. § 30505, *et seq*., and Rule F of the

Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions for

---

[1] The vessel is referenced in other documents and filings as "Work Boat 01" or "WB 01." *See* Dkt. No. 1 at ¶ 2.

any damages and/or injuries caused by or resulting from an incident occurring on or about September 17, 2013, in the navigable waters of the Hudson River. *See* Dkt. No. 1-2. Petitioner sought approval of an *Ad Interim* Security Bond as security, a restraint on all actions and proceedings against it, and the requisite publication of notice. *See id.* at ¶ 1. On March 17, 2017, the Court granted Petitioner's motions to approve security, enjoin suits, and direct issue of notice. *See* Dkt. No. 6.

Currently before the Court is Claimant Timothy Marion's renewed motion to vacate the injunction and lift the stay of state court action, which would allow Claimant to proceed with the state court action dated April 10, 2018. *See* Dkt. No. 23. For the following reasons, the motion is granted.

## II. BACKGROUND

Petitioner is a foreign limited liability company with a principal place of business in Tarrytown, New York. *See* Dkt. No. 1 at ¶ 2. At all relevant times, Petitioner was the registered owner of Work Boat 01. *See id.* Claimant is a resident of Lloyd, New York, and was employed by Petitioner. *See* Dkt. No. 1-2. Claimant was assigned to and operated Work Boat 01. *See id.* While operating Work Boat 01 on September 17, 2013, Claimant sustained traumatic injuries requiring medical and surgical care. *See id.* On or about August 15, 2016, Claimant named Petitioner in a personal injury lawsuit filed in the Supreme Court of the State of New York, Ulster County. *See* Dkt. No. 1 at ¶ 3.

On February 14, 2017, Petitioner filed a Complaint for Exoneration from or Limitation of Liability, pursuant to 46 U.S.C. § 30505, *et seq.*, and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions for any damages and/or injuries caused by or resulting from an incident occurring on or about September 17, 2013, in the

navigable waters of the Hudson River. *See* Dkt. No. 1 at ¶ 1. Petitioner denies that Claimant's injuries resulted from "any fault, neglect or want of care on the part of Petitioner." *Id.* at ¶ 7. Petitioner further asserts that the incident in question was not due to any unseaworthy conditions of the vessel and occurred without Petitioner's privity or knowledge. *See id.* at ¶¶ 7-9.

Finding that Petitioner complied with Rule F(1), the Court granted Petitioner's motions to approve security, enjoin suits, and direct issue of notice. *See* Dkt. No. 6. The Court ordered notice to "all persons asserting claims or suits with respect to which the Complaint seeks limitation, admonishing them to file their respective claims with the Clerk, in writing, and to serve on the attorneys for the Petitioner a copy thereof, on or before May 1, 2017." *Id.* at 3. On April 25, 2017, Claimant filed an answer to Petitioner's claim without an accompanying or subsequently filed claim. *See* Dkt. No. 8.

On May 1, 2017, Claimant filed his motion to vacate the injunction and lift the stay of the state court action. *See* Dkt. No. 13. Claimant contends that as a "single claimant," state court is the appropriate forum. *See* Dkt. No. 13-1 at 1. On May 17, 2017, Petitioner filed a cross-motion for entry of default against Claimant for "fail[ure] to plead or otherwise defend" his case, contending that merely filing an answer in lieu of a claim is insufficient to meet the requirements of Rule F. *See* Fed. R. Civ. P. 55(a); Dkt. No. 14. Petitioner asserted that Claimant consequently lacked standing, and that he was unable to bring a motion to vacate. *See* Dkt. No. 14-1 at 3.

In its March 6, 2018 Memorandum-Decision and Order ("March Order"), the Court denied Claimant's motion to vacate the injunction without prejudice, ordered that Claimant file a claim with this Court pursuant to Rule F within fourteen days of the filing date, and denied Petitioner's motion for default judgment. *See* Dkt. No. 19. On March 7, 2018, Claimant filed a verified claim required by Rule F in accordance with the Court's March Order. *See* Dkt. No. 20. In addition,

Claimant filed stipulations and a supplemental memorandum of law in support of his renewed motion to vacate the injunction and lift the stay of the state court action. *See* Dkt. No. 23-6 at 2; Dkt. No. 23-1. Petitioner filed an opposition, and Claimant filed a reply. *See* Dkt. Nos. 25, 26.

### III. DISCUSSION

Pursuant to 46 U.S.C. § 30505 "the liability of the owner of a vessel for any claim . . . shall not exceed the value of the vessel and pending freight." Federal courts retain exclusive jurisdiction in admiralty cases, negating the right to a jury trial. *See In re Complaint of Dammers & Vanderheide & Scheepvaart Maats Christina B.V.*, 836 F.2d 750, 755 (2d Cir. 1988). Exclusive federal jurisdiction over admiralty cases conflicts with the "saving to suitors" clause in 28 U.S.C. § 1333, which guarantees admiralty jurisdiction will not infringe upon a suitor's right to pursue "all other remedies to which they are otherwise entitled." *Id.* at 754 (quoting 28 U.S.C. § 1333).

As a result, there are two exceptions in which the district court will not enjoin claimants from proceeding in state court. First, when the limitation fund[2] is greater than the "aggregate of the claims." *Id.* at 755 (*citing Lake Tankers Corp. v. Henn*, 354 U.S. 147 (1957)). Second, when a lone claimant seeks damages greater than the limitation fund and stipulates to the exclusive jurisdiction of the federal court over all issues regarding the shipowner's right to limit liability. *See id.* at 755 (citing *Ex parte Green*, 286 U.S. 437, 438-40 (1932); *Langnes v. Green*, 282 U.S. 531, 540-44 (1931)).

A lone claimant exists where a single claim by a single plaintiff is brought excluding situations that involve the "potential for claims for attorney's fees or costs against a shipowner by

---

[2] The "limitation fund" refers to the value of the vessel and its pending freight. *See Dammers*, 836 F.2d at 755.

4

a claimant or a third party." *Dammers*, 836 F.2d at 756 (citations omitted). *Dammers* provides a four-part test for determining whether a claimant should be permitted to proceed in another forum under the lone claimant exception:

> [T]o avail himself of this avenue a claimant must:
>
> > a) file his claim in the limitation proceeding;
> >
> > b) where a stipulation for value has been filed in lieu of the transfer of the ship to a trustee, concede the sufficiency in amount of the stipulation;
> >
> > c) consent to waive any claim of res judicata relevant to the issue of limited liability based on any judgment obtained in the state court;
> >
> > d) concede petitioner shipowner's right to litigate all issues relating to limitation in the limitation proceeding.

*Id*. at 758 (citation and quotation omitted).

Neither party contests that Claimant is a lone claimant, and no other parties have filed claims against Petitioner in this Court. Petitioner stipulated that the value of Work Boat 01 at the time of the incident was $62,000.00, and Claimant is seeking $25,000,000.00 in damages. *See* Dkt. No. 1-3; Dkt. No. 20. Claimant has stipulated to the exclusive jurisdiction of the federal court over all issues regarding the shipowner's right to limit liability, and he has waived any claim of res judicata relevant to the issue of limited liability based on a state court judgment. *See* Dkt. No. 23-6 at 2. Thus, Claimant meets the second exception to exclusive federal jurisdiction over admiralty cases, and his Verified Claim and Stipulations satisfy parts (a), (c), and (d) of the *Dammers* test. *See* Dkt. No. 20; Dkt. No. 23-6 at 2. But Claimant has not conceded the sufficiency of the amount in the stipulation in accordance with part (b).

While courts require claimants to abide by parts (a), (c), and (d) of the *Dammers* test, part (b) is generally not considered a prerequisite for allowing a lone claimant to proceed in state

5

court. *See Doucet & Adams, Inc. v. Hebert*, No. 92-2375, 1993 WL 8623, *3 n.1 (E.D. La. Jan. 6, 1993) (collecting cases). In *Dammers*, without deciding the issue, the court states that "[t]here is disagreement in the cases [and] we wish to make it clear that we are not endorsing all aspects of the four part test . . . [s]pecifically, we reserve judgment as to part (b) of that test." *Dammers*, 836 F.2d at 758-59 n.7 (*citing Anderson v. Nadon*, 360 F.2d 53, 58 n.8 (9th Cir. 1966)). The Ninth Circuit in *Anderson* stated, "[t]he fact that appellants have reserved the right to contest the adequacy of the stipulation for value in the limitation proceeding does not bar them from initiating a state court action." *Anderson*, 360 F.2d at 58 n.8 (*citing George J. Waldie Towing Co., Inc. v. Ricca*, 227 F.2d 900, 901 (2d Cir. 1955)). Furthermore, according to Rule F, claimants retain the right to challenge the stipulated value of the limitation fund. Fed. R. Civ. P. Suppl. Rule F(7).

In a number of recent cases, lone claimants were not required to concede a petitioner's stipulation for value prior to the district court lifting a stay of state court action. *See Norfolk Dredging Co. v. Wiley*, 439 F.3d 205, 210-11 (4th Cir. 2006) (finding shipowner's rights under the Limitation Act were not jeopardized where claimant "agreed to the jurisdiction of the district court to decide the limitation of liability claim" but did not concede to the stipulated value); *Two "R" Drilling Co. v. Rogers*, 943 F.2d 576, 578 (5th Cir. 1991) (affirming the district court's ruling to lift the stay of state court action even though claimants did not agree to petitioner's stipulated interest in the vessel); *In re Exoneration of Ltd. Liab. of Campbell Transp. Co.*, 937 F. Supp. 2d 796, 804-05 (N.D. W. Va. 2013) (holding that claimants "are not required to stipulate to the precise value of the limitation" before proceeding in state court); *In re North Lubec Mfg. and Canning Co.*, 640 F. Supp. 636, 640 n.6 (D. Me. 1986) ("[I]t is unnecessary for claimant to

stipulate to the value of the vessel"); *accord In re Complaint of Miller Marine Servs.*, 25 F. Supp. 3d 215, 229-32 (D. Conn. 2014).

Here, Petitioner argues that Claimant's renewed motion to vacate the injunction and lift the stay of the state court action must be denied because Claimant has not conceded the sufficiency of the security. *See* Dkt. No. 25 at 3-4. The Court disagrees and finds that Claimant is not required to stipulate to the precise value of the limitation. Accordingly, Claimant's motion to lift the stay is granted.

### IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Claimant's Renewed Motion to Vacate Injunction and Lift the Stay of State Court Action (Dkt. No. 23) is **GRANTED**, and the Court's March 17, 2017 Order (Dkt. No. 6) enjoining Claimant from pursuing his claims against Petitioner is **VACATED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 26, 2018
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge